**Sealed**
Public and unofficial staff access to this instrument are prohibited by court order.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
FILED

JAN 1 0 2023

NATHAN OCHSNER
CLERK OF COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| v. | § | CRIMINAL NO. B-23-006 |
| SUMMER MARIE CREECH | § | Filed Under Seal |

# SEALED INDICTMENT

THE GRAND JURY CHARGES:

## GENERAL ALLEGATIONS

At all times relevant to this Indictment:

### United States Savings Bonds

1. The United States Department of the Treasury (hereinafter referred to as "Treasury") was a department within the Executive Branch of the United States of America.

2. Series I savings bonds were non-marketable, interest-bearing United States securities issued to the public by Treasury that earned both a combined fixed interest rate, which was set for the life of the bond, and a variable inflation rate, which was adjusted semi-annually.

3. Series I savings bonds in paper form were printed with two dates: an issue date and a validation date. The issue date included a month and year and was used to price the bond. The validation date included a month, day, and year and was the date the bond was printed.

4. Series I savings bonds were redeemable only by a registered owner of the security, a properly qualified fiduciary acting on behalf of the owner, or a successor to the estate of the last-deceased registered owner.

5. To be named as the owner of a paper Series I savings bond, a person needed a valid Social Security Number or Employer Identification Number.

6. Series I savings bonds were redeemable either at financial institutions that chose to cash savings bonds or through Treasury directly.

7. The value of paper Series I savings bonds was calculated using Treasury's "Savings Bond Calculator for Paper Bonds" available online through Treasury's TreasuryDirect.gov website.

8. To redeem a paper United States savings bond, such as a Series I savings bond, at a financial institution that accepted savings bonds, an owner was required to present the financial institution with the savings bond and provide a valid means of identification.

## Defendant and Relevant Entities

9. Defendant **SUMMER MARIE CREECH** was a resident of California.

10. Bank A was a federally insured financial institution headquartered in New York, with branches located in the Southern District of Texas and elsewhere.

11. Bank B was a federally insured financial institution headquartered in Texas, with branches located in the Southern District of Texas and elsewhere.

## COUNT ONE

### (18 U.S.C. § 371 – Conspiracy to Make, Pass, and Transfer Counterfeit United States Securities)

12. The General Allegations section of this Indictment is realleged and incorporated by reference as though fully set forth herein.

13. From in or around 2019 to on or about March 15, 2022, in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, Defendant,

**SUMMER MARIE CREECH,**

2

did knowingly and willfully combine, conspire, confederate, and agree with other persons known and unknown to the Grand Jurors to commit offenses against the United States in violation of Title 18, United States Code, Sections 471, 472, and 473, to wit:

1. with intent to defraud, falsely make, forge, counterfeit, and alter any obligation and other security of the United States, that is, United States Series I savings bonds;

2. with intent to defraud, pass, utter, publish, and sell, and attempt to pass, utter, publish, and sell, falsely made, forged, counterfeited, and altered obligations and other securities of the United States, that is, United States Series I savings bonds; and

3. knowingly buy, sell, exchange, transfer, receive, and deliver false, forged, counterfeited, and altered obligations and securities of the United States, that is, United States Series I savings bonds, with the intent that the same be passed, published, and used as true and genuine.

### Purpose of the Conspiracy

14. It was the purpose of the conspiracy for Defendant **SUMMER MARIE CREECH** and others to unlawfully enrich themselves by (1) passing counterfeit United States Series I savings bonds that were redeemed for cash at financial institutions; (2) obtaining portions of the resulting cash for their own personal use and to pay others to further the conspiracy; and (3) concealing and causing the concealment of the conspiracy.

### Manner and Means of the Conspiracy

15. It was part of the conspiracy that Defendant **SUMMER MARIE CREECH** made,

3

forged, and counterfeited United States Series I savings bonds using genuine bonds numbers.

16. It was further part of the conspiracy that Defendant **SUMMER MARIE CREECH** transferred said counterfeit Series I savings bonds to others known and unknown to the Grand Jurors with the intent that they be passed at financial institutions throughout the Southern District of Texas and elsewhere as true and genuine.

17. It was further part of the conspiracy that Defendant **SUMMER MARIE CREECH** and others known and unknown to the Grand Jurors passed, and caused to be passed, counterfeit Series I savings bonds at financial institutions throughout the Southern District of Texas and elsewhere using means of identification belonging to other persons, including without the knowledge and consent of such other persons.

18. It was further part of the conspiracy that, after the counterfeit Series I savings bonds were passed, Defendant **SUMMER MARIE CREECH** retained a portion of the cash received for them upon redemption.

19. As a result of the conspiracy, Defendant **SUMMER MARIE CREECH** redeemed, and caused to be redeemed, counterfeit Series I savings bonds at financial institutions throughout the Southern District of Texas and elsewhere.

### Overt Acts

20. In furtherance of the conspiracy and to accomplish its objectives, Defendant **SUMMER MARIE CREECH**, together with others known and unknown to the Grand Jurors, committed and willfully caused others to commit, within the Southern District of Texas and elsewhere, the following overt acts, among others:

    a. On or about the dates listed below, Defendant **SUMMER MARIE CREECH** and others known and unknown to the Grand Jurors passed, and caused to

be passed, counterfeit Series I savings bonds at financial institutions in the Southern District of Texas, which bonds had been made, forged, and counterfeited by Defendant **SUMMER MARIE CREECH**:

| Approx. Date Cashed | Bond Number | Purported Owner | Approx. Validation Date | Redemption | Institution |
|---|---|---|---|---|---|
| 11/4/2021 | M001003201I | M.P.M. | 2/4/2000 | $3,350.80 | Bank A |
| 11/5/2021 | M001056225I | R.L.A. | 6/27/2000 | $3,414.00 | Bank A |
| 11/6/2021 | M001008648I | M.P.M. | 2/26/2000 | $3,350.80 | Bank B |
| 11/6/2021 | M001013853I | M.P.M. | 3/5/2000 | $3,331.60 | Bank B |
| 12/17/2021 | M001063734I | S.B. | 9/4/2000 | $3,374.00 | Bank A |

b. On or about November 5, 2021, Defendant **SUMMER MARIE CREECH** received from her co-conspirators, through interstate mail services, a portion of the proceeds from the negotiated counterfeit Series I savings bonds.

c. On or about November 9, 2021, Defendant **SUMMER MARIE CREECH** received from her co-conspirators, through interstate mail services, a portion of the proceeds from the negotiated counterfeit Series I savings bonds.

In violation of Title 18, United States Code, Section 371.

## COUNTS TWO THROUGH SIX

### (18 U.S.C. § 472 – Passing Counterfeit United States Securities)

21. The General Allegations section of this Indictment is realleged and incorporated by reference as though fully set forth herein.

22. On or about the dates listed below, each constituting a separate count of this Indictment, in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, Defendant,

5

**SUMMER MARIE CREECH,**

with intent to defraud, did pass, utter, publish, and sell, and attempt to pass, utter, publish, and sell, falsely made, forged, counterfeited, and altered obligations and securities of the United States, that is, the following United States Series I savings bonds, which Defendant then knew to be falsely made, forged, counterfeited, and altered:

| COUNT | Approx. Date Cashed | Bond Number | Purported Owner | Approx. Validation Date | Redemption | Institution |
|---|---|---|---|---|---|---|
| TWO | 11/4/2021 | M001003201I | M.P.M. | 2/4/2000 | $3,350.80 | Bank A |
| THREE | 11/5/2021 | M001056225I | R.L.A. | 6/27/2000 | $3,414.00 | Bank A |
| FOUR | 11/6/2021 | M001008648I | M.P.M. | 2/26/2000 | $3,350.80 | Bank B |
| FIVE | 11/6/2021 | M001013853I | M.P.M. | 3/5/2000 | $3,331.60 | Bank B |
| SIX | 12/17/2021 | M001063734I | S.B. | 9/4/2000 | $3,374.00 | Bank A |

In violation of Title 18, United States Code, Section 472, and Title 18, United States Code, Section 2(a).

## COUNTS SEVEN THROUGH EIGHT

### (18 U.S.C. § 1344 – Bank Fraud)

23. The General Allegations section of this Indictment is realleged and incorporated by reference as though fully set forth herein.

24. From at least on or about November 4, 2021, to at least on or about December 17, 2021, in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, Defendant,

**SUMMER MARIE CREECH,**

did knowingly and intentionally execute and attempt to execute a scheme and artifice to defraud one or more financial institutions, to wit: Bank A and Bank B, the deposits

6

of which were insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets, securities, and other property owned by and under the control of such financial institution(s) by means of materially false and fraudulent pretenses, representations, and promises.

| COUNT | Approx. Dates | Description |
|---|---|---|
| SEVEN | 11/4/2021, 11/5/2021, and 12/17/2021 | Defendant passed, and caused to be passed, counterfeit United States Series I savings bonds at Bank A, which she knew to be fictitious. |
| EIGHT | 11/6/2021 | Defendant passed, and caused to be passed, counterfeit United States Series I savings bonds at Bank B, which she knew to be fictitious. |

In violation of Title 18, United States Code, Section 1344, and Title 18, United States Code, Section 2(a).

## COUNTS NINE THROUGH THIRTEEN

### (18 U.S.C. § 1343 – Wire Fraud)

25. The General Allegations section of this Indictment is realleged and incorporated by reference as though fully set forth herein.

26. From at least on or about November 1, 2021, to at least on or about November 6, 2021, in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, Defendant,

**SUMMER MARIE CREECH,**

devised, and intended to devise, a scheme to defraud financial institutions and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and, for the purpose of executing said scheme, caused to be transmitted by means of wire communication in interstate commerce the following signals and sounds, each constituting a separate count of this Indictment:

| COUNT | Approx. Date | Description of Interstate Wire |
|---|---|---|
| NINE | 11/1/2021 | WhatsApp message from Defendant to co-conspirator: "I checked it also, that makes no sense. I'm gonna go to the mail place this morning, see why. Meanwhile, want me to send this other one off also? Incase the first one is lost or takes longer?" |
| TEN | 11/2/2021 | WhatsApp message from Defendant to co-conspirator: "The other one is there" |
| ELEVEN | 11/4/2021 | WhatsApp message from Defendant to co-conspirator: "Same address in Victorville" |
| TWELVE | 11/5/2021 | WhatsApp message from Defendant to co-conspirator: "Ok cool, did he pull any more money this morning" |
| THIRTEEN | 11/6/2021 | WhatsApp message from Defendant to co-conspirator: "Did he say if he got anything else cashed or deposited?" |

In violation of Title 18, United States Code, Section 1343.

## NOTICE OF CRIMINAL FORFEITURE

27. The allegations contained in this Indictment are incorporated by reference as though set forth in full herein for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

28. Upon conviction of any of the offenses set forth this Indictment, Defendant,

**SUMMER MARIE CREECH,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C), any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such violations.

### Money Judgment

In the event of conviction, the United States may seek a money judgment.

### Substitute Property

If any of the property described above, as a result of any act or omission of Defendant:

   a. cannot be located upon exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL:

_____
FOREPERSON OF THE GRAND JURY

ALAMDAR S. HAMDANI
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF TEXAS

*Edgardo Rodriguez*
EDGARDO J. RODRIGUEZ
ASSISTANT UNITED STATES ATTORNEY

GLENN S. LEON
CHIEF
FRAUD SECTION, CRIMINAL DIVISION
UNITED STATES DEPARTMENT OF JUSTICE

DAVID D. HAMSTRA
TRIAL ATTORNEY
CRIMINAL DIVISION, FRAUD SECTION