## PLEA PACKET MEMO

**ASSIGNED AUSA:**   **ED RODRIGUEZ**
                    **DAVID HAMSTRA, DOJ FRAUD**

**DEFENDANT:**      **SUMMER MARIE CREECH**

**CASE#**           **B-23-006**

Recommendation in exchange for Defendant's plea to **COUNTS ONE and TWO and WAIVER OF CERTAIN APPEAL RIGHTS** as outlined in the plea agreement: <u>**credit for acceptance of responsibility and dismissal of the remaining counts**</u>.

### FACT SUMMARY SHEET

Beginning in or around 2019 to on or about March 15, 2022, Defendant **SUMMER MARIE CREECH** conspired with Daniel Alan LEWIS, Individual 1, and others known and unknown to make, pass, and transfer counterfeit United States Series I savings bonds at financial institutions throughout the Southern District of Texas and elsewhere.

In or around 2019, **CREECH** learned how to acquire genuine Series I savings bond numbers. **CREECH** used computer software and printers to forge counterfeit savings bonds. **CREECH** did not pass counterfeit savings bonds at financial institutions but rather, using her computer knowledge, created and sent counterfeit savings bonds to her co-conspirators who would pass them at financial institutions and share the proceeds with her.

**CREECH** and her co-conspirators acquired "profiles" of real people (including the person's name, Social Security number, address, and other personally identifiable information) from stolen rental applications, the dark web, and elsewhere, which they used to buy counterfeit drivers' licenses and Social Security cards from a co-conspirator. **CREECH** then used these "profiles" to create counterfeit bonds. Each counterfeit bond she made had a genuine bond number, a stolen name from the "profiles," which **CREECH** listed as the bond owner, and the Social Security number for that stolen name. Using the fake identification documents to pose as the bond owner, LEWIS and others known and unknown passed these counterfeit savings bonds at financial institutions throughout the Southern District of Texas and elsewhere. LEWIS, Individual 1, or others known and unknown then sent **CREECH** her portion of the proceeds from the fraudulent bonds in cash.

In furtherance of this conspiracy and within the Southern District of Texas, LEWIS passed the following falsely made, forged, counterfeited, and altered obligations and securities of the United States which he then knew to be falsely made, forged, counterfeited, and altered and that were forged and provided to him by **CREECH**:

| Approx. Date Cashed | Bond Number | Purported Owner | Approx. Validation Date | Redemption | Institution |
|---|---|---|---|---|---|
| 11/4/2021 | M001003201I | M.P.M. | 2/4/2000 | $3,350.80 | Bank A |
| 11/5/2021 | M001056225I | R.L.A. | 6/27/2000 | $3,414.00 | Bank A |
| 11/6/2021 | M001008648I | M.P.M. | 2/26/2000 | $3,350.80 | Bank B |
| 11/6/2021 | M001013853I | M.P.M. | 3/5/2000 | $3,331.60 | Bank B |
| 12/17/2021 | M001063734I | S.B. | 9/4/2000 | $3,374.00 | Bank A |

**Throughout the course of the conspiracy, government records show that the conspiracy passed counterfeit Series I savings bond in the amount of <u>at least one million six hundred fifty-three thousand three hundred eighty-nine dollars and thirty cents ($1,653,389.30)</u>.**

Defendant **CREECH**, with intent to defraud, did aid, abet, counsel, command, induce, or procure the passing of falsely made, forged, counterfeited, and altered obligations and securities of the United States, that is, United States Series I savings bonds, and did knowingly conspire and agree with others known and unknown to make, pass, and transfer counterfeit United States Series I savings bonds.

I agree the above factual summary accurately represents my involvement in the crime to which I am pleading guilty and that the proposed plea agreement accurately and fully describes my plea agreement with the government.

_[signature]_
Defendant

_[signature]_
Counsel for Defendant

_[signature]_ for E.R.
Assistant United States Attorney

_[signature]_
Trial Attorney

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| v. | § | CRIMINAL NO. B-23-006 |
| SUMMER MARIE CREECH | § | |

**PLEA AGREEMENT**

COMES NOW the United States of America, by and through its attorneys, ALAMDAR S. HAMDANI, United States Attorney for the Southern District of Texas; EDGARDO J. RODRIGUEZ, Assistant United States Attorney for the Southern District of Texas; GLENN S. LEON, Chief of the Fraud Section, Criminal Division, United States Department of Justice; and DAVID HAMSTRA, Trial Attorney, Fraud Section, Criminal Division, United States Department of Justice (collectively, "government" or "United States"); together with Defendant, **SUMMER MARIE CREECH**, and Defendant's counsel, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and state that they have entered into an agreement, the terms and conditions of which are as follows:

1. Defendant agrees to plead guilty to **COUNTS ONE and TWO** of the Criminal Indictment in this case. COUNT ONE charges Defendant with <u>CONSPIRACY TO MAKE, PASS, AND TRANSFER COUNTERFEIT UNITED STATES SECURITIES</u>, in violation of 18 U.S.C. § 371. COUNT TWO charges Defendant with <u>PASSING COUNTERFEIT UNITED STATES SECURITIES</u>, in violation of 18 U.S.C. §§ 472 and 2(a). Defendant, by entering this plea, agrees that she is waiving any right to have the facts that the law makes essential to the punishment presented to a grand jury and charged in an indictment, or proven to a jury beyond a reasonable doubt.

2. As part of this agreement, the United States agrees to recommend <u>credit for acceptance of responsibility and dismissal of the remaining counts</u>.

3. The penalty for a violation of 18 U.S.C. § 371 is a maximum term of <u>5</u> years imprisonment, a fine up of to $<u>250,000</u>, and a period of supervised release of up to <u>3</u> years. The penalty for a violation of 18 U.S.C. §§ 472 and 2(a) is a maximum term of <u>20</u> years imprisonment, a fine of up to $<u>250,000</u>, and a period of supervised release of up to <u>3</u> years. Defendant also acknowledges and understands that if she should violate the conditions of any period of supervised release which may be imposed as part of her sentence, then she may be imprisoned for the entire term of supervised release without credit for time already served on the term of supervised release prior to such violation. Defendant is not eligible for parole for any sentence imposed.

4. Defendant will pay to the United States District Clerk a mandatory special assessment in the amount of one-hundred dollars ($100.00) per count of conviction, as required by 18 U.S.C. § 3013(a)(2)(A). The payment will be by certified check payable to United States District Clerk, Brownsville, Texas 78520.

5. Defendant understands that under the Sentencing Guidelines, the Court is permitted to order her to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any is ordered.

6. Defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment.

7. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500) prior to sentencing if she is requested to do so. In the event that the Court imposes a fine or orders the payment of restitution as part

of Defendant's sentence, Defendant shall make complete financial disclosure by truthfully executing a sworn financial statement immediately following her sentencing.

8. Defendant recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Defendant understands that if she is not a citizen of the United States, by pleading guilty she may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant also recognizes that if she is a naturalized citizen, pleading guilty may result in loss of citizenship. Defendant's attorney has advised Defendant of the potential immigration and/or denaturalization (loss of citizenship) consequences resulting from Defendant's plea of guilty.

9. The parties understand this agreement carries the potential for a motion for departure under Section 5K1.1 of the Sentencing Guidelines. Defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through the United States Attorney for the Southern District of Texas and the Chief of the Fraud Section, Criminal Division, United States Department of Justice. Should Defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance," the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the <u>United States Sentencing Guidelines and Policy Statement</u>. Defendant further agrees to persist in that plea through sentencing, fully cooperate with the United States, and not oppose the forfeiture of assets contemplated in this agreement. Defendant understands and agrees that the United States may request that sentencing be deferred until that cooperation is complete.

10. Defendant understands and agrees that "fully cooperate" as used herein, includes providing all information relating to any criminal activity known to Defendant, including but not limited to the specific facts of the present offenses. Defendant understands that such information includes both state and federal offenses arising therefrom. In that regard:

(a) Defendant agrees that this plea agreement binds only the United States Attorney for the Southern District of Texas, the Chief of the Fraud Section, Criminal Division, United States Department of Justice, and Defendant; it does not bind any other United States Attorney or any other unit of the Department of Justice;

(b) Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States. Defendant further agrees to waive her Fifth Amendment privilege against self-incrimination for the purpose of this agreement;

(c) Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

(d) Defendant agrees to provide truthful, complete, and accurate information and testimony and understands any false statements made to the grand jury or at any court proceeding (criminal or civil), or to a government agent or attorney can and will be prosecuted under the appropriate perjury, false statement, or obstruction statutes;

(e) Defendant agrees to provide to the United States all documents in her possession or under her control relating to all areas of inquiry and investigation;

(f) Should the recommended departure, <u>if any</u>, not meet Defendant's expectations, she understands she remains bound by the terms of this agreement and cannot, for that reason alone, withdraw her plea.

11. Defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. Defendant knowingly and voluntarily waives the right to appeal the conviction and the sentence imposed, or the manner in which the sentence was determined. Additionally, Defendant is aware that 28 U.S.C. § 2255 affords

the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. Defendant knowingly and voluntarily waives the right to contest her conviction or sentence by means of any post-conviction proceeding. If Defendant files a notice of appeal following the imposition of sentence, the government will seek specific performance of this provision. Nothing in the foregoing waiver of appellate and collateral review of rights shall preclude Defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

In exchange for this agreement with the United States, Defendant waives all defenses based on venue, speedy trial under the United States Constitution and Speedy Trial Act, and the statute of limitations with respect to any prosecution that is not time-barred on the date that this agreement is signed, in the event that (a) Defendant's conviction is later vacated for any reason, (b) Defendant violates any provision of this agreement, or (c) Defendant's plea is later withdrawn.

12.     In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the Sentencing Guidelines that she may have received from her counsel, the United States, or the Probation Office is a prediction, not a promise, did not induce her guilty plea, and is not binding on the United States, the Probation Office, or the Court. The United States does not make any promise or representation concerning what sentence Defendant will receive. Defendant further understands and agrees that the <u>United States Sentencing Guidelines</u> are "effectively advisory" to the Court. *United States v. Booker*, 125 S. Ct. 738 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must

take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

13. The United States and Defendant agree that, although not binding on the Probation Office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the applicable Sentencing Guidelines in this case:

(a) Base Offense Level: That Section 2B1.1 of the Sentencing Guidelines applies.

(b) Specific Offense Characteristics: That the following offense characteristics apply: (1) Defendant's conduct caused at least $1,653,389.30 in loss pursuant to Section 2B1.1(b)(1)(I), resulting in at least a sixteen-level increase; (2) the offense involved ten or more victims pursuant to Section 2B1.1(b)(2)(A)(i), resulting in a two-level increase; (3) the offense involved sophisticated means and Defendant intentionally engaged in or caused the conduct constituting sophisticated means pursuant to Section 2B1.1(b)(10)(c), resulting in a two-level increase; and (4) the offense involved the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification pursuant to Section 2B1.1(b)(11)(C)(i), resulting in a two-level increase.

(c) Acceptance of Responsibility: That the offense level shall be decreased by three levels pursuant to U.S.S.G. §§ 3E1.1(a) and 3E1.1(b) because Defendant has demonstrated acceptance of responsibility for her offenses and assisted authorities in the investigation of and prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty.

14. Defendant acknowledges and understands that additional or different enhancements or provisions of the Sentencing Guidelines might be applicable, and that neither the Court nor the Probation Office is bound by the parties' joint recommendations.

15. Defendant understands and agrees that each and all waivers contained in this plea agreement are made in exchange for the concessions made by the United States in paragraph 2 of this agreement.

16. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

   (a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

   (b) to set forth or dispute sentencing factors or facts material to sentencing;

   (c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office; and,

   (d) to file a pleading relating to these issues, in accordance with U.S.S.G. § 6A1.2 and 18 U.S.C. § 3553(a).

15. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of 18 U.S.C. § 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing

judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

17. Defendant understands that by entering into this agreement, she surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a) If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and her attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on her own behalf. If the witnesses for Defendant would not appear voluntarily, she could require their attendance through the subpoena power of the court.

(c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, she could testify on his own behalf.

18. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by

8

Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against Defendant in any prosecution.

19. Defendant acknowledges that Rule 11(f) and Fed. R. of Evid. 408 and 410 are rules that ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions. Defendant knowingly and voluntarily waives these rights and agrees that any statements made in the course of her guilty plea or this plea agreement (in part or in its entirety, at the sole discretion of the United States) and the factual basis will be admissible against her for any purpose in any criminal or civil proceeding if she fails to enter, or attempts to withdraw, her guilty plea, or in any post-conviction proceeding challenging the knowing or voluntary nature of the guilty plea.

20. This written plea agreement, consisting of ten pages, including the attached certifications of Defendant and her attorney, constitutes the complete plea agreement between the United States, Defendant, and her counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against her and that he is pleading guilty freely and voluntarily because she is guilty.

21. Any modification of this plea agreement must be in writing and signed by all parties.

_____
Defendant

APPROVED:

_____
Assistant United States Attorney

_____
Trial Attorney

_____
Attorney for Defendant

9

## CERTIFICATION BY DEFENDANT

I have consulted with my counsel and fully understand all my rights with respect to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines and Policy Statements which may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and I voluntarily agree to it.

_S. Creech_  
Defendant

_09/07/2023_  
Date

## CERTIFICATION BY ATTORNEY

I have fully explained to Defendant her rights with respect to the pending information. Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements and I have fully explained to Defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_[signature]_  
Counsel for Defendant

_9-7-23_  
Date